UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR17-0291JLR |
| Plaintiff, | ORDER GRANTING IN PART MR. ABDULLAH'S MOTION TO CONTINUE THE TRIAL AND ORDERING COUNSEL TO MEET AND CONFER |
| v. | |
| OMAR ABDULLAH, et al., | |
| Defendants. | |

Before the court is Defendant Omar Abdullah's motion to continue the trial date and pretrial motions deadline "not less than 90 days." (Mot. (Dkt. # 47) at 1.) Neither Plaintiff United States of America ("the Government") nor Defendant Abdirashid Haret opposes the motion. (*See* Joinder (Dkt. # 48); Mot. at 1 ("The Government does not oppose this request."); *see also generally* Dkt.)

Mr. Abdullah sustained gunshot injuries during the course of his arrest and is now a quadriplegic. (Mot. at 2.) As a result of his injuries, the Government has housed him in a variety of facilities. He was in Harborview Medical Center's ("Harborview") Intensive

ORDER - 1

Care unit from the date of his arrest, October 20, 2017, until December 1, 2017. (*Id.*) He was then transferred to Harborview's Rehabilitation Medicine Clinic. (*Id.*) His counsel met with Mr. Abdullah to review discovery in private sessions of one-to-two hours while Mr. Abdullah was at the Rehabilitation Medicine Clinic. (*Id.*)

On February 9, 2018, the Government transferred Mr. Abdullah to a facility in Florence, Arizona. (*Id.*) Mr. Abdullah's counsel traveled, with the court's approval, to Arizona to meet with Mr. Abdullah. (*Id.*) Prior to traveling, Mr. Abdullah's attorney contacted the sergeant in charge of scheduling and set up three, one-to-two hour meetings with Mr. Abdullah. (*Id.*) Unfortunately, Mr. Abdullah was unavailable for the first of these meetings because he was at a different facility receiving a treatment for his wounds. (*Id.*) Mr. Abdullah was again unavailable for the second meeting, and his counsel was informed that he had been transferred out of the facility and was not expected to return for the remainder of the day. (*Id.*) Mr. Abdullah's counsel then contacted United States Marshal Nathan Alexander, who gave him the address of the nursing facility that was treating Mr. Abdullah. (*Id.* at 2-3.) Upon arrival at the nursing facility, however, Mr. Abdullah's counsel was not permitted to meet privately with Mr. Abdullah, and they were unable to discuss the case or review discovery. (*Id.* at 3.)

Unfortunately, the facility in Florence, Arizona is unable to care further for Mr. Abdullah. (*See id.* at 2.) Accordingly, the Government has informed Mr. Abdullah's counsel that it intends to transfer Mr. Abdullah to an as-yet unknown facility but will not be transferring Mr. Abdullah back to the Western District of Washington. (*Id.* at 3.)

//

ORDER - 2

1 | Mr. Abdullah previously filed a waiver of his speedy trial deadline through August
2 | 18, 2018.  (Abdullah Waiver (Dkt. # 33).)  Mr. Abdullah's counsel has not yet spoken
3 | with Mr. Abdullah about the present motion to move the trial date or secured from Mr.
4 | Abdullah a further waiver of his speedy trial date; nor has Mr. Abdullah's counsel
5 | secured a medical expert to assist in determining Mr. Abdullah's physical ability to stand
6 | trial on June 25, 2018.  (Mot. at 3.)  Mr. Haret recently filed a second speedy trial waiver
7 | through September 24, 2018.  (2d Haret Waiver (Dkt. # 49).)

Based on the foregoing, the court makes the following findings of fact and conclusions of law:

1. The ends of justice served by granting this continuance outweigh the best interests of the public and the defendants in a speedy trial.  *See* 18 U.S.C. § 3161(h)(7)(A).
2. Proceeding to trial absent adequate time for the defense to prepare would result in a miscarriage of justice.  *See id.* § 3161(h)(7)(B)(i).
3. Counsel needs additional time to meet with Mr. Abdullah, who sustained significant injuries and is not being held in the Western District of Washington, which makes it unreasonable, under the circumstances, to expect adequate preparation for pretrial proceedings or for trial itself within the time limits established by the speedy trial act and currently set for this case.  *See id.* § 3161(h)(7)(B)(ii).
4. Taking into consideration the exercise of due diligence, a continuance is necessary to allow the defendants reasonable time to effectively prepare their defense.  *See id.* § 3161(h)(7)(B)(iv).

1  Accordingly, the court GRANTS in part and DENIES in part Mr. Abdullah's
2  motion. The court CONTINUES the pretrial motions deadline from May 24, 2018, to
3  June 21, 2018, and CONTINUES the trial date from June 25, 2018, to July 24, 2018. The
4  court further ORDERS that the period of time from the filing of Mr. Abdullah's motion
5  to continue (Dkt. # 47) until the new trial date shall be excludable time under the Speedy
6  Trial Act pursuant to 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(i), 3161(h)(7)(B)(ii),
7  3161(h)(7)(B)(iv), and 3161(h)(6).

8  In addition, the court ORDERS the Government to allow for Mr. Abdullah's
9  counsel to meet and confer with Mr. Abdullah as soon as practicable so that counsel can
10 discuss (1) this motion, (2) a further waiver, if needed, of Mr. Abdullah's right to a
11 speedy trial, (3) the hiring of a medical expert to assess Mr. Abdullah's ability to stand
12 trial, (4) discovery in this matter, (5) the preparation of a defense, and (6) any other
13 matters necessary to Mr. Abdullah's defense in this action. The court further ORDERS
14 counsel for the parties to (1) meet and confer regarding an agreed plan for proceeding to
15 trial in this case given Mr. Abdullah's severe physical limitations, and (2) file a joint
16 status report to the court outlining their plan no later than May 18, 2018. If counsel
17 cannot agree on a unified approach, they may outline their disparate proposals in their
18 //
19 //
20 //
21 //
22 //

1  joint status report. The court anticipates that Mr. Haret will proceed to trial on July 24,

2  2018, irrespective of whether Mr. Abdullah is capable of doing so or not.

3  Dated this 16th day of April, 2018.

*[signature]*

JAMES L. ROBART
United States District Judge