UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR17-0291JLR |
| Plaintiff, | ORDER |
| v. | |
| OMAR ABDULLAH, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court is *pro se* Defendant Abdirashid Haret's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1). (Mot. (Dkt. # 112).[1]) Plaintiff the United States of America (the "Government") opposes Mr. Haret's motion. (Resp. (Dkt. # 116).) The court has considered Mr. Haret's motion, the parties' submissions in support of and

---

[1] The court cites to the page numbers in the CM/ECF header when referencing Mr. Haret's pleadings.

ORDER - 1

in opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Haret's motion.

## II.    BACKGROUND

Mr. Haret is a 24-year-old inmate who is currently detained at Federal Correctional Institution ("FCI") Sheridan. *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Sept. 6, 2023). Under the guise of an illicit firearm sale, Mr. Haret and an accomplice robbed a federal agent and a confidential informant at gunpoint. (*See* Presentence Investigation Report ("PSR") (Dkt. # 84 (sealed)) at 5; Superseding Indictment (Dkt. # 36).) Mr. Haret pleaded guilty to assault of a federal officer, using a firearm during a crime of violence, and robbery of money of the United States. (*See* Plea Agreement (Dkt. # 73) at 1-2.) On March 25, 2019, the court sentenced Mr. Haret to 168 months of imprisonment followed by five years of supervised release. (*See* 3/25/19 Minute Entry (Dkt. # 93); Judgment (Dkt. # 94).) He was remanded into custody following his sentencing hearing, and his projected release date is November 4, 2029. (*See* 3/25/19 Minute Entry); *Inmate Locator*.

## III.    ANALYSIS

Mr. Haret now seeks a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See generally* Mot.) He asks the court to reduce his term of imprisonment to time served or "by any amount deemed appropriate." (*Id.* at 2.) The court begins by setting forth the standard of review before turning to its analysis of Mr. Haret's motion.

### A. Standard for a Reduction in Sentence

A court generally may not correct or modify a prison sentence once it has been imposed, unless permitted by statute or by Federal Rule of Criminal Procedure 35. *United States v. Penna*, 315 F.3d 509, 511 (9th Cir. 2003); *see also Dillon v. United States*, 506 U.S. 817, 824-25 (2010). 18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, "allows certain inmates to seek a form of sentence modification," commonly referred to as compassionate release,[2] "by filing motions to that effect with the district court." *See United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022); *Riley v. United States*, No. C19-1522JLR, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020). Under § 3582(c)(1), courts have the authority to reduce a sentence upon the motion of an inmate if three conditions are met: (1) the inmate has either exhausted their administrative appeal rights of the Bureau of Prisons' ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with "applicable policy statements" issued by the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also Riley*, 2020 WL 1819838, at *5. If the inmate meets all three conditions, the court must consider the sentencing factors set forth in 18

---

[2] "Although relief under § 3582(c) is commonly referred to as 'compassionate release,' such relief is not limited to immediate release, but includes a reduction in sentence." *United States v. Millard*, No. CR-15-01391-PHX-DGC, 2022 WL 279596, at *2 n.1 (D. Ariz. Jan. 31, 2022) (quoting *United States v. Marks*, No. 03-cr-06033-L, 2020 WL 1908911, at *3 n.3 (W.D.N.Y. Apr. 20, 2020)).

1   U.S.C. § 3553(a) when deciding whether compassionate release is appropriate.  *See* 18
2   U.S.C. § 3582(c)(1)(A).

3   When presented with a defendant-filed, rather than BOP-filed, motion for a
4   reduction in sentence, the Ninth Circuit has held that "district courts are
5   empowered . . . to consider any extraordinary and compelling reason for release that a
6   defendant might raise."  *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021)
7   (concluding that the Sentencing Commission's current policy statement, which limits
8   "extraordinary and compelling reasons" to four categories, does not apply to
9   defendant-filed motions for a reduction in sentence (citing U.S.S.G. § 1B1.13 cmt.
10  n.1(A)-(D))); *see also United States v. Van Cleave*, No. CR03-0247RSL, 2020 WL
11  2800769, at *5 (W.D. Wash. May 29, 2020) (referring to the policy statement as
12  "persuasive, but not binding"); *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir.
13  2022) (stating that district court has "discretion to consider a combination of 'any' factors
14  particular to the case at hand" when determining whether extraordinary and compelling
15  circumstances exist (quoting *Aruda*, 993 F.3d at 802)).

16  **B.    Exhaustion of Administrative Remedies**

17  Before considering the merits of Mr. Haret's motion, the court must determine
18  whether he has met the statutory exhaustion requirement for a reduction in sentence.  *See*
19  18 U.S.C. § 3582(c)(1)(A).  Mr. Haret asserts—without supporting documentation—that
20  on June 15, 2023, he submitted a request for a reduction in sentence to the warden at FCI
21  Sheridan.  (*See* Mot. at 1.)  The Government attempted to independently confirm whether
22  Mr. Haret made such a request by contacting BOP counsel, who indicated that Mr. Haret

1 submitted his request on June 23, 2023. (*See* Resp. at 5.) The Government notes that
2 Mr. Haret's request to the warden appears to have been constructively denied. (*Id.*) Mr.
3 Haret then filed this motion on July 26, 2023—more than 30 days after Mr. Haret
4 submitted his request to the warden. (*See generally* Mot.) The court finds that the
5 statutorily required 30-day period has expired, and Mr. Haret's motion is properly before
6 the court.[3]

C.  **Extraordinary and Compelling Circumstances**

Mr. Haret bears the burden of establishing that "extraordinary and compelling" circumstances warrant a reduction of his term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Suryan*, No. CR19-0082RAJ, 2021 WL 3510423, at *2 (W.D. Wash. Aug. 10, 2021). Mr. Haret argues that he is entitled to a reduction in sentence because of: (1) the "additionally punitive nature of serving time during the COVID-19 pandemic"; (2) his "extraordinary rehabilitation"; and (3) his youth at the time of the offense and his traumatic upbringing as a Somali refugee. (*See* Mot. at 1-3, 8.) For the reasons set forth below, the court concludes that Mr. Haret has not established "extraordinary and compelling reasons" justifying a reduction in his sentence.

1. Conditions of Confinement at FCI-Sheridan

Mr. Haret argues that COVID-19's impact on his conditions of confinement at FCI Sheridan warrants a reduction in sentence. (*See* Mot. at 1, 3.) He contends that the "onerous lockdowns," "restrictions on programming," unhygienic conditions, and staff,

---

[3] The Government agrees that Mr. Haret complied with § 3582(c)(1)(A)'s exhaustion requirement. (*See* Resp. at 5.)

ORDER - 5

food, and medication "shortages" have made his conditions of confinement much harsher than what the court could have foreseen during his sentencing.[4]  (*Id.*; *see id.* at 3 ("Sheridan FCI has been under a state of near-constant lockdown for nearly 4 years.").)

The court need not reiterate the widely known information regarding the symptoms of COVID-19, the devastating global impact of the virus, and the unprecedented challenges COVID-19 created for federal prisons.  *See United States v. Rollness*, No. CR06-0041RSL, 2021 WL 4476920, at *4 (W.D. Wash. Sept. 30, 2021) (discussing COVID-19's impact on prisons).  Moreover, the court does not discount the dangers associated with COVID-19 nor the difficulties prisons face in preventing and containing outbreaks.

However, "general conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for compassionate release." *United States v. Bolden*, No. CR16-0320RSM, 2020 WL 4286820, at *7 (W.D. Wash. July 27, 2020); *United States v. Veletanlic*, No. CR18-0162JLR, 2021 WL 5205706, at *4 (W.D. Wash. Nov. 9, 2021) (rejecting argument that the general "conditions at [defendant's prison] warrant release, including the number of COVID-19 infections and deaths, the lax implementation and enforcement of COVID-19 prevention

---

[4] Mr. Haret argues that "[s]everal inmates at FCI Sheridan have received partial reductions to their sentences for the conditions of confinement" at the facility.  (Mot. at 1.) However, in each of the cases cited to by Mr. Haret, the court based its decision to reduce the defendant's sentence on the defendant's particularized circumstances rather than on general conditions of confinement.  *See, e.g.*, *United States v. Westwolf*, No. CR19-41GF-BMM, 2023 WL 3305102 (D. Mont. May 8, 2023) (granting reduction in sentence based on defendant's "deteriorating eyesight and related medical complications"); *United States v. Beltran*, No. CR19-35-GFBMM, 2023 WL 3851047 (D. Mont. June 6, 2023) (granting reduction in sentence in light of "BOP's potential failure to award Beltran credit for time served").

policies, the impossibility of maintaining social distancing, and the unhygienic living situations"); *United States v. Thomas*, No. 3:17-CR-00051-SLG, 2021 WL 3924724, at *2 (D. Alaska Sept. 1, 2021) ("[E]very BOP inmate—and in fact nearly every incarcerated person—has experienced limitations on their ability to communicate, exercise, gain an education, and receive job skills training during the COVID-19 pandemic.  Conditions that are shared by nearly every inmate in the country are not 'extraordinary and compelling,' and the restrictions Mr. Thomas is subject to are in no way unique to him.").  Courts have also rejected generalized claims "that [a defendant's] period of incarceration, served during the time of Bureau of Prisons' COVID-19 restrictions, has presented harsher punishment and made this past year more difficult." *Suryan*, 2021 WL 3510423, at *3 (stating that BOP lockdown "conditions, while challenging, do not present an extraordinary and compelling reason to warrant his early release"); *United States v. Becerra*, Case No. 17cr1465-LAB, 2021 WL 461699, at *2 (S.D. Cal. Feb. 8, 2021) ("The inconvenience caused by extended lockdown is not an 'extraordinary and compelling reason.'").

While Mr. Haret's conditions of confinement at FCI Sheridan have been more challenging than the court could have predicted, this is a generalized claim that every inmate in custody could assert and is not unique to Mr. Haret.[5]  Accordingly, the court

---

[5] Indeed, Mr. Haret's motion appears to be a form motion that has been filed by at least five other defendants convicted in this District and currently held at Sheridan.  *See, e.g., United States v. Slaughter*, No. CR13-0359RSL (W.D. Wash.), Dkt. # 115; *United States v. Pigott*, CR21-0013RAJ (W.D. Wash.), Dkt. # 35; *United States v. Stahlman*, No. CR18-5094BHS (W.D. Wash.), Dkt. # 1184; *United States v. Taylor Nairn*, No. CR18-5094BHS (W.D. Wash.), Dkt. # 1185; *United States v. Brooks*, No. CR19-0093JLR (W.D. Wash.), Dkt. # 112.

finds that Mr. Haret's conditions of confinement do not constitute "extraordinary and compelling" circumstances warranting a reduction in sentence. *See Suryan*, 2021 WL 3510423, at *3; *see also Extraordinary Circumstances*, Black's Law Dictionary (11th ed. 2019) (defining "extraordinary circumstances" as a "highly unusual set of facts that are not commonly associated with a particular thing or event").

        2.      <u>Post-Sentence Rehabilitation</u>

Mr. Haret argues that his post-sentence rehabilitation presents an extraordinary and compelling reason justifying a sentence reduction. (*See* Mot. at 1.) But Mr. Haret does not explain how his rehabilitation efforts warrant the requested relief. (*See generally id.* (lacking any argument or supporting documentation with respect to rehabilitation).) The Government notes that although Mr. Haret obtained his GED and completed two additional education courses while incarcerated, he has also faced discipline on multiple occasions since 2019 for refusing to obey an order, possessing unauthorized items, and assaulting another inmate. (Resp. at 7, Exs. 1-2.) Although the court commends Mr. Haret on the educational strides he has taken while in custody and does not intend to minimize his progress, the court finds that Mr. Haret's rehabilitative efforts to date do not establish "extraordinary and compelling" circumstances warranting a reduced sentence. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a reduction in sentence); *see, e.g.*, *United States v. Cruz-Cruz*, No. CR13-0049RSL, 2021 WL 1968389, at *5 (W.D. Wash. May 17, 2021) (determining that early release was not justified by

defendant's accomplishments in prison where defendant completed various educational programs and had only three disciplinary infractions, all more than six years old).

3. Youthfulness

Mr. Haret argues his youth at the time of the offenses coupled with his personal history as a Somali refugee present extraordinary and compelling reasons warranting a sentence reduction. (Mot. at 6-7.) Mr. Haret notes that he was born in a refugee camp, experienced a traumatic childhood in an "inhospitable warzone," and committed the underlying offenses when he was just 18 years old. (*Id.*) Mr. Haret further asserts that "[m]odern neuroscience shows that an individual's brain is not finished developing until they are 25." (*Id.* at 6.)

The court acknowledges that society has "come to better understand the neurological differences in young brains that can drive youthful crime" and "that greater traumatic experiences in childhood correspond with riskier behavior and a greater likelihood of involvement in the criminal legal system." *United States v. Johnson*, No. 05-CR-00167-WHA-5, 2021 WL 5037679, at *2 (N.D. Cal. Oct. 30, 2021) (discussing such scientific developments and finding extraordinary and compelling reasons warranting a sentence reduction based on the defendant's age, lengthy sentence, and other personal circumstances); *see also Miller v. Alabama,* 567 U.S. 460, 472 & n.5, 489 (2012) (discussing scientific developments regarding youth and brain development and emphasizing the need for "individualized" sentencing when youth commit serious offenses).

The court does not discount the impact that Mr. Haret's youth and traumatic personal history may have had on his decision to commit the underlying offenses. However, even if neurological evidence on brain development suggests that a defendant's youth at the time of a crime might sometimes be seen as extraordinary and compelling reason to reduce his sentence, it is not one in this case. The undersigned took Mr. Haret's age and personal circumstances into consideration when imposing Mr. Haret's sentence. (*See, e.g.*, Sentencing Tr. (Dkt. # 104) at 24:25-25:6 ("I certainly give credit to the defendant for the difficult early life that he had in the camp. And under the second 3553(a) categor[y], the history and characteristics of the defendant, that's an important consideration, not as important as the fact that the defendant was 18 when he committed this crime, and he is currently only age 20.").)

The court further finds that, even when Mr. Haret's arguments are considered together, he has not established "extraordinary and compelling" reasons justifying a reduced sentence. Having determined that Mr. Haret has not made the requisite showing of extraordinary and compelling reasons warranting a reduction in sentence, the court need not analyze whether a reduction in Mr. Haret's sentence would be consistent with the factors set forth in 18 U.S.C. § 3553(a). Accordingly, the court DENIES Mr. Haret's motion for a reduction in sentence.

//

//

//

//

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Haret's motion for a reduction in sentence (Dkt. # 112).

Dated this 7th day of September, 2023.

JAMES L. ROBART
United States District Judge

ORDER - 11