UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OMAR ABDULLAH, et al.,<br><br>Defendants. | CASE NO. CR17-0291JLR<br><br>ORDER |

## I. INTRODUCTION

On November 6, 2023, the court received a letter from Defendant Abdirashid Haret, in which Mr. Haret asks the court to "consider the possibility of [his] redemption" and to "grant mercy." (Letter (Dkt. # 118) at 1-2.) The court construes the letter as either (1) a motion for reconsideration of the court's September 7, 2023 order denying Mr. Haret's motion for a reduction in sentence (*see* 9/7/23 Order (Dkt. # 117); 7/26/23 Mot. (Dkt. # 112)), or (2) a new motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1). The court has considered Mr. Haret's submission, the relevant portions of

ORDER - 1

the record, and the applicable law.  Being fully advised, the court DENIES Mr. Haret's motion.

## II.     BACKGROUND

Mr. Haret is a 24-year-old inmate who is currently detained at Federal Correctional Institution ("FCI") Sheridan.  *See* Inmate Locator, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Dec. 5, 2023).  Under the guise of an illicit firearm sale, Mr. Haret and an accomplice robbed a federal agent and a confidential informant at gunpoint.  (*See* Presentence Investigation Report ("PSR") (Dkt. # 84 (sealed)) at 5; Superseding Indictment (Dkt. # 36).)  Mr. Haret pleaded guilty to assault of a federal officer, using a firearm during a crime of violence, and robbery of money of the United States.  (*See* Plea Agreement (Dkt. # 73) at 1-2.)  On March 25, 2019, the court sentenced Mr. Haret to 168 months of imprisonment followed by five years of supervised release.  (*See* 3/25/19 Minute Entry (Dkt. # 93); Judgment (Dkt. # 94).)  He was remanded into custody following his sentencing hearing, and his projected release date is November 4, 2029.  (*See* 3/25/19 Minute Entry); Inmate Locator.

On July 26, 2023, Mr. Haret filed a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), in which he sought to reduce his term of imprisonment based on (1) the conditions of confinement at FCI Sheridan, (2) Mr. Haret's post-sentence rehabilitation, and (3) Mr. Haret's youthfulness at the time of his offenses and his traumatic personal history.  (7/26/23 Mot. 1, 3, 6-7.)  The court denied the motion, concluding that Mr. Haret's asserted bases for relief did not constitute "extraordinary and compelling" reasons warranting a reduction in sentence.  (9/7/23 Order at 5 (citing 18

U.S.C. § 3582(c)(1)(A)(i) (authorizing the district court to reduce an inmate's sentence where "extraordinary and compelling reasons warrant such a reduction")).)

### III. ANALYSIS

As noted, the court construes Mr. Haret's November 4, 2023 letter as either (1) a motion for reconsideration of the court's September 7, 2023 order, or (2) a new motion for a reduction in sentence. The court addresses each motion in turn.

**A. Motion for Reconsideration**

"Motions for reconsideration are disfavored," and the court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCrR 12(b)(13)(A); *see also id.* 12(b)(13)(B) ("The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court," and "[f]ailure to comply with this subsection may in itself be grounds for denial of the motion."). Here, Mr. Haret merely renews the arguments he raised in his prior motion regarding his youth, background, and rehabilitation. (*Compare* Letter, *with* 7/26/23 Mot.) The court carefully considered these arguments in analyzing the previous motion and nonetheless concluded that Mr. Haret failed to make the requisite showing of extraordinary and compelling reasons warranting a reduction in sentence. (*See* 9/7/23 Order at 8-10.) Thus, Mr. Haret fails to show manifest error in the prior ruling or new facts or authority that could not have been brought to the court's attention earlier with reasonable diligence. Local Rules

//

W.D. Wash. LCrR 12(b)(13)(a). The court therefore DENIES Mr. Haret's motion for reconsideration.

**B.     Motion for Reduction in Sentence**

The court next addresses Mr. Haret's request for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1). A court generally may not correct or modify a prison sentence once it has been imposed, unless permitted by statute or by Federal Rule of Criminal Procedure 35. *United States v. Penna*, 315 F.3d 509, 511 (9th Cir. 2003); *see also Dillon v. United States*, 506 U.S. 817, 824-25 (2010). 18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, "allows certain inmates to seek a form of sentence modification," commonly referred to as compassionate release, "by filing motions to that effect with the district court." *See United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022); *Riley v. United States*, No. C19-1522JLR, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020). Under § 3582(c)(1), courts have the authority to reduce a sentence upon the motion of an inmate if three conditions are met: (1) the inmate has either exhausted their administrative appeal rights of the Bureau of Prisons' ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with "applicable policy statements" issued by the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also Riley*, 2020 WL 1819838, at *5. If the inmate meets all three conditions, the court must consider the sentencing factors set forth in 18

//

U.S.C. § 3553(a) when deciding whether compassionate release is appropriate. *See* 18 U.S.C. § 3582(c)(1)(A).

Here, Mr. Haret fails to meet the first condition: exhaustion of his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (imposing administrative exhaustion requirement). Mr. Haret has neither alleged nor provided evidence that he submitted a request for a reduction in sentence to the warden at FCI Sheridan. (*See generally* Letter.) Accordingly, Mr. Haret has not exhausted his administrative remedies, and the court need not address whether he has established extraordinary and compelling reasons for a sentence reduction, whether such a reduction is consistent with the policy statements of the Sentencing Commission, or whether a reduction would be consistent with the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also Riley*, 2020 WL 1819838, at *5. The court therefore DENIES Mr. Haret's motion for a reduction in sentence.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Haret's motion (Dkt. # 118).

Dated this 6th day of December, 2023.

_____
JAMES L. ROBART
United States District Judge