1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR17-0291JLR |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ABDIRASHID HARET, | |
| Defendant. | |

## I.  INTRODUCTION

Before the court is *pro se* Defendant Abdirashid Haret's third motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A).  (Mot. (Dkt. # 121).)  Plaintiff the United States of America (the "Government") opposes Mr. Haret's motion.  (Resp. (Dkt. # 122).)  The court has reviewed the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised, the court DENIES Defendant's motion for a reduction in sentence.

ORDER - 1

## II.  BACKGROUND

Mr. Haret is a 26-year-old inmate who is currently detained at Federal Correctional Institution ("FCI") Victorville.  *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Nov. 12, 2025).  Under the guise of an illicit firearm sale, Mr. Haret and an accomplice robbed a federal agent and a confidential informant at gunpoint. (*See* Presentence Investigation Report ("PSR") (Dkt. # 84 (sealed)) at 5; Superseding Indictment (Dkt. # 36).)  Mr. Haret pleaded guilty to assault of a federal officer, using a firearm during a crime of violence, and robbery of money of the United States.  (*See* Plea Agreement (Dkt. # 73) at 1-2.)  On March 25, 2019, the court sentenced Mr. Haret to 168 months of imprisonment followed by five years of supervised release.  (*See* 3/25/19 Minute Entry (Dkt. # 93); Judgment (Dkt. # 94).)  He was remanded into custody following his sentencing hearing, and his projected release date is November 4, 2029.  (*See* 3/25/19 Minute Entry); *Inmate Locator*.

On July 26, 2023, Mr. Haret filed a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), in which he sought to reduce his term of imprisonment based on (1) the conditions of confinement at FCI Sheridan, (2) his post-sentence rehabilitation, and (3) his youthfulness at the time of his offenses and his traumatic personal history. (7/26/23 Mot. (Dkt. # 112) at 1, 3, 6-7.)  The court denied the motion, concluding that Mr. Haret's asserted bases for relief did not constitute "extraordinary and compelling" reasons warranting a reduction in sentence.  (9/7/23 Order (Dkt. # 117) at 5.)  On November 6, 2023, the court received a letter from Mr. Haret, which it construed as either a motion for reconsideration of the court's September 7, 2023 order or a second

motion for a reduction in sentence. (11/6/23 Letter (Dkt. # 118); *see* 12/6/23 Order (Dkt. # 119) at 1.) On December 6, 2023, the court denied Mr. Haret's motion for reconsideration, or, in the alternative, his second request for a reduction in sentence because he had not exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). (*See generally* 12/6/23 Order)

On August 29, 2025, Mr. Haret filed the instant motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), in which he seeks to reduce his term of imprisonment based on (1) the conditions of confinement at FCI Victorville, (2) the health of his grandmother and elderly father, and (3) his status as "a youthful offender who received an excessive sentence." (Mot. at 6.[1]) The Government opposes Mr. Haret's motion, contending that none of the three factors Mr. Haret cites are a proper basis for a reduction in sentence. (Resp. at 1.) Mr. Haret's motion now has been fully briefed and is ripe for decision.

### III.  ANALYSIS

Under 18 U.S.C. § 3582(c)(1)(A), a district court may reduce a sentence if the defendant shows: (1) he has exhausted administrative remedies; (2) extraordinary and compelling reasons warrant a sentence reduction; (3) a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (4) the factors set forth in 18 U.S.C. § 3553(a), to the extent that they apply, weigh in favor of the requested sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). The defendant bears

---

[1] The court cites to the page numbers in the CM/ECF header when referencing Mr. Haret's pleadings.

ORDER - 3

the burden of establishing these elements. *See United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022). If the defendant fails to show one of the elements, the court may deny the motion without analyzing the other elements. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform th[e] sequential inquiry before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step.").

The court denies Mr. Haret's motion for a reduction in sentence based on extraordinary and compelling reasons pursuant to the U.S. Sentencing Guidelines ("U.S.S.G.") § 1B1.13(b). Mr. Haret moves for a reduction in sentence based on his conditions of confinement at FCI Victorville; his family circumstances under U.S.S.G § 1B1.13(b)(3)(C) and (D); and, given his status as a youthful offender, his unusually long sentence under U.S.S.G § 1B1.13(b)(6). (Mot. at 5-6.) Mr. Haret has not, however, demonstrated that a reduction in sentence is warranted on these bases. First, "general conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for compassionate release." (9/7/23 Order at 6 (quoting *United States v. Bolden*, No. CR16-320RSM, 2020 WL 4286820 at *7 (W.D. Wash. 2020)). Second, Mr. Haret does not provide evidence that his father or grandmother is incapacitated or that he would be the only available caregiver for them as required to justify a reduction in sentence under § 1B1.13(b)(3)(C) and (D). (*See generally* Mot.); U.S.S.G. § 1B1.13(b)(3)(C), (D) (permitting compassionate release when a defendant's parent or grandparent is incapacitated and the defendant is the only available caregiver for the individual). Finally, Mr. Haret does not meet the requirements

for relief under U.S.S.G. § 1B1.13(b)(6) because he has not served at least 10 years of his term of imprisonment. (Mot. at 2 (noting that Mr. Haret has served approximately 7.5 years to date)); U.S.S.G. § 1B1.13(b)(6) (requiring the defendant to show that he served at least 10 years of his sentence and that a change in the law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed" at the time the motion was filed). Therefore, because Mr. Haret has not met his burden to show extraordinary and compelling reasons justifying a a reduction in sentence, the court denies his motion.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Mr. Haret's motion for a reduction in sentence (Dkt. # 121).

Dated this 14th day of November, 2025.

JAMES L. ROBART
United States District Judge